UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
IN THE MATTER OF THE COMPLAINT,

        -of-

URI KAUFMAN and HERSHEL WEIN, as
Owners of a 2003, 27 Foot, Sea Ray,
Recreational Boat, for Exoneration
from or Limitation of Liability,
----------------------------------------X
RACHEL TEPFER, as Administratrix of
The Estate of AARON TEPFER                     MEMORANDUM & ORDER
a/k/a ARI TEPFER, Deceased                         14-CV-2227(JS)(AYS)
                                                  14-CV-2578(JS)(AKT)
              Plaintiff,

     -against-

URI KAUFMAN and HERSHEL WEIN,

              Defendants.
----------------------------------------X
APPEARANCES

For Plaintiffs:     Stuart Wagner, Esq.
                     Morrison & Wagner
                     49 West 38th Street, 15th Floor
                     New York, NY 10018

For Defendants:     James Edward Mercante, Esq.
                     Richard Gonzalez, Esq.
                     Rubin, Fiorella & Friedman LLP
                     630 Third Avenue, 3rd Flr.
                     New York, NY 10017

SEYBERT, District Judge:

        The above-captioned cases concern an unfortunate accident that killed a child named Aaron Tepfer ("Tepfer"). Rachel Tepfer, the Administratrix of Aaron Tepfer's estate ("Plaintiff") first filed a lawsuit concerning Tepfer's death on March 26, 2014

in Nassau Supreme Court against Uri Kaufman ("Kaufman") and Hershel Wein ("Wein" and together with Kaufman, "Defendants"). Pending before the Court is Plaintiff's motion to remand the above-captioned cases to state court. (Docket Entry 11.[1]) For the foregoing reasons, Plaintiff's motion is DENIED.

BACKGROUND[2]

On August 23, 2014, Uri Kaufman invited six children, including Aaron Tepfer, aboard his Sea Ray Sundeck Boat. (Pl.'s Br., Docket Entry 11, Ex. C (hereinafter "State Compl.") ¶¶ 6, 20.) The co-owner of the boat, Hershel Wein, did not join them that day. (State Compl. ¶¶ 10, 19-20.) Aaron Tepfer began tubing[3] behind the boat in Reynolds Channel near Long Beach, New York. (State Compl. ¶ 17, 23.) When Tepfer fell off the tube into the water, Mr. Kaufman turned the vessel around to pick him up. (State Compl. ¶ 24.) While attempting to retrieve Tepfer from the water, Tepfer's leg became caught in the boat's propeller. (State Compl. ¶25.) Kaufman then tried to lift Tepfer "from the water and the propeller," but was unable to do so. (State Comp. ¶ 26-27.) Several nearby witnesses came to Tepfer's aid and held his

---

[1] Unless otherwise indicated, citations to the docket in this Memorandum and Order shall refer only to documents filed in case number 14-CV-2227.
[2] The following facts are taken from the Plaintiff's original complaint, filed in Nassau County Supreme Court and are presumed to be true for the purposes of this Memorandum and Order.
[3] Tepfer was pulled by the boat in an inflatable tube. (State Compl. ¶ 23.)

head above water until the police and fire department arrived. (State Compl. ¶ 28.) The authorities were able to extricate Tepfer from the propeller, but Tepfer sustained "a severe laceration to his leg." (State Compl. ¶¶ 28-29.) Sadly, Tepfer died from his wound. (State Compl. ¶ 29.)

On March 26, 2014 Plaintiff filed an action in Nassau County Supreme Court against Kaufman and Wein alleging inter alia, negligence and wrongful death (the "Wrongful Death Action"). (See State Compl.) On April 23, 2014, Defendant removed the Wrongful Death Action to this Court pursuant to 28 U.S.C. § 1441, asserting that the Court has jurisdiction over the case pursuant to 28 U.S.C. § 1333 because the accident occurred "on the navigable waters of the United States." (Notice of Removal, Docket Entry 1, ¶ 5.[4])

On April 8, 2014, Defendants filed a separate lawsuit in this Court seeking a declaratory judgment pursuant to 46 U.S.C. § 30501 et. seq. limiting Defendant's potential liability to no more than the value of their boat (the "Limitation Action"). (See generally, Compl., Docket Entry 1.) Plaintiff filed an Answer and Counterclaims to Defendants' Limitation Action July 3, 2014. (Docket Entry 8.) Then, on August 27, 2014 Plaintiff filed a motion to remand both the Wrongful Death Action and the Limitation

---

[4] This Docket Entry refers to case number 14-CV-02578. The Wrongful Death Action was originally pending before Judge Denis R. Hurley, but was reassigned on March 30, 2015. (See Electronic Order Reassigning Case dated March 30, 2015.)

3

Action back to state court. (Docket Entry 11.[5]) That motion is pending before the Court. In support of her motion to remand, Plaintiff argues: (1) that Plaintiff's Wrongful Death Action should be remanded to state court pursuant to the "saving to suitor clause," and (2) that Defendants' Declaratory Action is meritless and should be dismissed of or stayed. (Pl.'s Br. ¶¶ 11-18, 20-27.)

DISCUSSION

I. Motion to Dismiss the Limitation Action

Plaintiff argues that Defendants' Limitation Action, brought pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, et. seq. (the "Limitation Act" or the "Act"), should be "vitiated or at least stayed" because Defendants admitted that they owned and operated the boat in their Answer. (Pl.'s Br. at 20.) Defendants argue in opposition that it is premature to seek dismissal of Defendants' Limitation Action and the case should proceed to discovery. (Defs.' Br., Docket Entry 14, at 7.) The Court will construe Plaintiff's request to "vitiate" Defendants' Limitation Action as a motion for judgment on the pleadings.

---

[5] Curiously, Plaintiff only filed the motion to remand in the Limitation of Liability Action. However, the motion bears the caption and case numbers for both the Limitation of Liability Action and the Wrongful Death Action.

4

A.  Legal Standard

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b). See Karedes v. Ackerley Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005). In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this

has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

B. The Limitation of Liability Act

The Limitation Act provides that, within six months after receiving a claim, a vessel owner may bring a civil action in federal court, seeking a judgment exonerating him or limiting his liability. See 46 U.S.C. § 30511(a). "When the owner brings such a suit and posts security in accordance with 46 U.S.C. § 30511(b), the pursuit of all claims against the owner related to the matter in question ceases, pending determination of the petition for exoneration or limitation of liability." In re Complaint of Messina, 574 F.3d 119, 122 (2d Cir. 2009); 46 U.S.C. § 30511(c). The Limitation Act specifically applies to claims against the owners of a vessel that involve, inter alia, "any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage . . . done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C § 30505(b) (emphasis added). "The effect of the Act and its predecessors is 'to enable the vessel owner to limit his risk to his interest in the ship in

6

respect to all claims arising out of the conduct of the master and crew . . . , while leaving him liable for his own fault [and] neglect.'" In re Complaint of Messina, 574 F.3d at 126 (quoting The 84-H, 296 F. 427, 431 (2d. Cir. 1923)). "Pleasure craft, as well as commercial vessels, are subject to the Act's limitation on liability." Complaint of Messina, 574 F.3d at 126 (2d Cir. 2009) (internal quotation marks and citation omitted). "Whether a defendant is entitled to limit liability requires a two-part inquiry." Haney v. Miller's Launch, Inc., 773 F. Supp. 2d 280, 289 (E.D.N.Y. 2010) (citing Messina, 574 F.3d at 126–27). First, "the trier must determine if the accident was caused by defendant's negligence," and second, "if negligence is shown, the vessel owner must prove that the negligence occurred without its privity or knowledge." Id.

The crux of Plaintiff's argument is that Defendants' Limitation Action must be dismissed because Defendants cannot establish that the accident occurred "without the privity or knowledge" of the owners, under the Limitation Act. (Pl.'s Br. at 9.) Specifically, Plaintiff claims that because Kaufman admitted he owned the boat and was operating it when the accident took place, Defendants' Limitation Action is meritless. (Pl.'s Br. at 9.)

The phrase "privity or knowledge," contained within 46 U.S.C.A. § 30505, is a "term of art meaning complicity in the fault

7

that caused the accident." Complaint of Messina, 574 F.3d at 126 (2d Cir. 2009); See also Haney v. Miller's Launch, Inc., 773 F. Supp. 2d 280, 289 (E.D.N.Y. 2010); Crowley v. Costa, 924 F. Supp. 2d 402, 420 (D. Conn. 2013). "'Privity or knowledge' can be actual or constructive. Either way, the term usually implies some degree of culpable participation or neglected duty on the shipowner's part; that, for example, it committed a negligent act . . . or through the exercise of reasonable diligence could have prevented the commission of the act." Otal Investments Ltd. v. M/V CLARY, 673 F.3d 108, 115 (2d Cir. 2012); see also Potomac Transport, Inc. v. Ogden Marine, Inc., 909 F.2d 42, 46 (2d Cir. 1990) ("Privity and knowledge under the statute have been construed to mean that a shipowner knew or should have known that a certain condition existed.") (internal quotation marks and citation omitted)). Whether a defendant was without privity or knowledge is a question of fact. Coryell v. Phipps, 317 U.S. 406, 411, 63 S. Ct. 291, 294, 87 L. Ed. 363 (1943).

At this juncture, whether Kaufman and Wein--the owners of the Sea Ray Sundeck Boat--were "without privity or knowledge" cannot be determined as a matter of law, and discovery must be necessary to shed light upon the issue. See, e.g., Blackler v. F. Jacobus Transp , 243 F.2d 733, 735 (2d Cir. 1957) ("The allegation in the petition that the petitioner was himself handling the hawser aboard the tug at the time of the accident is not incompatible

with limitation of liability.") With respect to Kaufman, the fact that he was operating the vessel at the time the accident occurred may be sufficient to attribute "privity or knowledge," to him, however, the Court need not reach that issue because Plaintiff has not established that Kaufman was negligent. "The claimant bears the initial burden of proving negligence or unseaworthiness" and only after the "claimant has proved negligence or unseaworthiness, [does] the burden of proof shifts to the petitioner shipowner to prove lack of knowledge or privity." In re Moran Towing Corp., 166 F. Supp. 2d 773, 775 (E.D.N.Y. 2001). Here Plaintiff has not established, as a matter of law, that Kaufman was negligent. Moreover, with respect to Wein, the Plaintiff has not established his negligence, nor have they shown that he had "privity or knowledge" with respect to the accident. Therefore, Plaintiff's motion is DENIED to the extent it seeks judgment on the pleadings dismissing the Limitation Action.

II. Motion to Remand Wrongful Death Action

Plaintiff argues the Wrongful Death Action should be remanded to state court pursuant to the "saving to suitor clause" clause codified at 28 U.S.C. § 1333. Defendants argue, in opposition, that Plaintiff's motion to remand is untimely because it was not filed within the thirty-day window set forth in 28 U.S.C. § 1447(c). (Defs.' Br. at 3.)

A.  Legal Standard

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "On a motion to remand, the party seeking removal bears the burden of establishing to a 'reasonable probability' that removal is proper." Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, any doubts regarding the propriety of removal are resolved in favor of remand, and "'federal courts construe the removal statute narrowly.'" Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

B.  Remand

It is premature to decide whether Plaintiff's Wrongful Death Action must be remanded to state court. Because Defendants' Limitation Action will proceed to discovery, all related suits must be stayed pending the resolution of the Limitation Action. Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239,

244 (2d Cir. 2014) ("Once the owner files a petition for limitation, 'all [other] claims and proceedings against the owner related to the matter in question shall cease.'" (quoting 46 U.S.C. § 30511(c)) (alterations in original)). Nevertheless, it is undisputed that Plaintiff's motion to remand was filed beyond the thirty-day limitation provided in 28 U.S.C 1447(c). Even if Plaintiff's motion was late, however, the Court may still remand Plaintiff's Wrongful Death Action if it lacks subject-matter jurisdiction over Plaintiff's claims. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1546 (5th Cir. 1991) ("It is beyond doubt that although the parties can waive defects in removal, they cannot waive the requirement of original subject matter jurisdiction"); see also Pierpont v. Barnes, 94 F.3d 813, 818 (2d Cir. 1996). Therefore, Plaintiff's motion to remand is DENIED WITHOUT PREJUDICE and the Wrongful Death Action is STAYED. Plaintiff may renew her motion to remand the Wrongful Death Action after the stay is lifted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Docket Entry 11) is DENIED WITHOUT PREJUDICE. In addition, Plaintiff's Wrongful Death Action, Case No. 14-CV-2578, is STAYED pending the resolution of the Limitation Action, Case No. 14-CV-2227. The Limitation Action--which encompasses Defendants' claims regarding their liability and Plaintiff's counterclaims--shall

proceed to discovery.  In the event the Limitation Action does not resolve all of Plaintiff's claims against Defendants, Plaintiff may file a renewed motion to remand the Wrongful Death Action after the Limitation Action has concluded and the stay is lifted.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  March __31__, 2014
        Central Islip, New York